# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: AUGUST 20, 2015
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000239-MR

DEREK HOOSER          APPELLANT

ON APPEAL FROM LAWRENCE CIRCUIT COURT
V.        HONORABLE JOHN DAVID PRESTON, JUDGE
NO. 13-CR-00060

COMMONWEALTH OF KENTUCKY          APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Derek Hooser pled guilty to manufacturing methamphetamine and being a persistent felony offender in the second degree. Prior to sentencing, Hooser made a motion to withdraw his guilty plea, which the trial court denied. The court sentenced Hooser to twenty-five years' imprisonment. On appeal, Hooser argues that the trial court abused its discretion when it denied his motion. For the following reasons, we affirm.

## I. BACKGROUND.

A Lawrence County grand jury indicted Hooser for manufacturing methamphetamine and being a persistent felony offender in the first degree. If convicted, Hooser faced twenty to fifty years in prison. Thirteen co-defendants were also indicted on related charges.

On January 24, 2014, Hooser entered a guilty plea to one count of manufacturing methamphetamine and the amended count of being a persistent

felony offender in the second degree pursuant to an agreement with the Commonwealth. The trial court conducted an approximately four-minute *Boykin*[1] colloquy, during which Hooser, while under oath and in open court, acknowledged that he understood the nature and consequences of the charges; that by pleading guilty the trial court, not a jury, would set his sentence; and that he had been afforded all the time he needed to discuss his case with his attorney. Hooser recognized the Commonwealth's evidence in support of the charges, and he admitted that he engaged in the charged conduct. Finally, Hooser agreed that no force, threats, or promises had been made in order to induce him to plead guilty and that he was pleading guilty according to his own free will and for no other reason. With the assistance of his attorney, Hooser reviewed the plea forms and signed each of them. The trial court accepted Hooser's guilty plea and found that the plea had been entered knowingly, voluntarily, and intelligently.

More than a month later and prior to sentencing, Hooser entered an oral motion to withdraw his guilty plea. The trial court held a hearing on March 28, 2014. During the hearing, Hooser testified that a co-defendant, Joshua Laney, had approached him at Big Sandy Detention Center and threatened that someone would burn down his parents' home with them inside if Hooser did not accept a plea agreement. According to Hooser, when he asked Laney why

---

[1] *Boykin v. Alabama*, 395 U.S. 238 (1969).

his plea mattered, Laney responded that "no one was getting deals unless [Hooser] took something, unless [Hooser] took a deal." Hooser could not identify the exact date of the threat but testified that he entered his plea seven to ten days thereafter. During cross examination by the Commonwealth, Hooser equivocated to direct questions and became argumentative.

The trial court denied the motion to withdraw the guilty plea. The court found that Hooser's testimony had "practically zero" credibility due to his conflicting statements and his evasive answers to direct questions. Furthermore, the court based its decision in part on the fact that the Commonwealth had relied on Hooser's plea when negotiating with other co-defendants and that the Commonwealth would be prejudiced if Hooser were allowed to withdraw his guilty plea. The court also noted that it was "obvious to everyone in the courtroom that [Hooser] has now committed perjury . . . . So, he may be facing another charge, but that's a decision for the Commonwealth." Consistent with the plea agreement, the trial court ultimately sentenced Hooser to twenty-five years' imprisonment.

## II. ANALYSIS.

"At any time before judgment the court may permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." Kentucky Rule of Criminal Procedure 8.10. When a defendant moves to withdraw his or her guilty plea before sentencing, the court must hold a hearing to determine whether the plea was entered voluntarily. *Porter v. Commonwealth*, 394 S.W.3d 382, 385 (Ky. 2011). If the court finds the plea

was involuntary, it has no discretion and must grant the motion to withdraw. *Id.* at 385-86. A guilty plea that is the true product of a threat or promise is involuntary. *Johnson v. Commonwealth,* 412 S.W.3d 157, 164 (Ky. 2013). However, if the trial court determines the plea was voluntary, it may deny the motion to withdraw according to its discretion. *Id.* When determining whether a guilty plea is voluntary, the trial court considers the totality of the circumstances surrounding the plea. *Bronk v. Commonwealth,* 58 S.W.3d 482 (Ky. 2001). Sworn declarations by the defendant in open court that his or her guilty plea is made voluntarily "carry a strong presumption of verity." *Edmonds v. Commonwealth,* 189 S.W.3d 558, 569 (Ky. 2006). Accordingly, an appellate court reviews a trial court's finding regarding voluntariness for clear error, that is, whether the determination was supported by substantial evidence. *Porter,* 394 S.W.3d at 386.

Therefore, although Hooser does not differentiate between his arguments, we first analyze whether the trial court correctly determined that Hooser's plea was voluntary. Next, we analyze whether the court erred when it denied Hooser's motion to withdraw his plea.

### A. The Trial Court Did Not Err When It Found Hooser's Guilty Plea Was Entered Voluntarily.

The trial court's finding that Hooser's guilty plea was entered voluntarily is supported by substantial evidence. The court conducted a full *Boykin* colloquy, assessing Hooser's competency, understanding of his rights, and voluntary desire to enter a guilty plea. Under oath and in open court, Hooser

4

admitted that he engaged in the charged conduct and wished to be sentenced according to the Commonwealth's recommendation. Furthermore, Hooser testified that no force, threats, or promises had been made to him in order to induce him to plead guilty and that he was pleading guilty according to his own free will. Because substantial evidence exists to support the trial court's finding of voluntariness, no clear error exists.

Hooser also makes the collateral argument that the trial court's four-minute *Boykin* colloquy was too short in duration. "Due process requires a trial court to make an affirmative showing, on the record, that a guilty plea is voluntary and intelligent before it may be accepted." *Edmonds*, 189 S.W.3d at 565 (citing *Boykin v. Alabama*, 395 U.S. 238, 241-42 (1969)). So long as a court satisfies this requirement, the length of the colloquy is not dispositive. What matters is whether a defendant makes a knowing waiver of his or her Constitutional rights and manifests a voluntary and intelligent desire to enter the plea. Regardless of the duration, the record reflects that Hooser knowingly waived his rights and entered his plea voluntarily and intelligently.

### B. The Trial Court Did Not Abuse Its Discretion When It Denied Hooser's Motion To Withdraw Guilty Plea.

The trial court did not abuse its discretion when it denied Hooser's motion to withdraw his plea. An appellate court reviews a trial court's ruling on a motion to withdraw for abuse of discretion, i.e. whether the ruling was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Porter*, 394 S.W.3d at 386; *Edmonds*, 189 S.W.3d at 570. Ultimately, the trial court is in the best position to determine if there was any reluctance,

5

misunderstanding, involuntariness, or incompetence to plead guilty at the time of the guilty plea and is also in a superior position to judge any witness's credibility and the weight to be given his or her testimony at an evidentiary hearing. *Bronk*, 58 S.W.3d 482, 487 (Ky. 2001).

Here, the trial court properly held a hearing where Hooser was permitted to testify as to his reasons for entering a guilty plea and the Commonwealth was permitted to cross examine him. After considering this testimony, arguments from Hooser's attorney and the Commonwealth, as well as Hooser's plea colloquy, the trial court denied the motion to withdraw. The trial court found that Hooser's testimony was not credible based on its findings that Hooser had previously testified that his plea was not induced by threat or fear and that Hooser was an evasive witness. The Court's reasoning was not arbitrary, unreasonable, or unsupported by sound legal principles. Moreover, denying Hooser's motion and sentencing him according to his bargained for plea agreement with the Commonwealth was not unfair because Hooser might have received up to double the sentence he received (i.e. 20-50 years imprisonment under the indictment versus his agreement to 25 years). Based on the record, it is clear that the trial court did not abuse its discretion in denying the motion to withdraw.

Hooser also argues that the trial court abused its discretion when it based its denial of his motion on prejudice to the Commonwealth. More specifically, Hooser submits that prejudice is not a required part of the court's analysis. We agree that prejudice to the Commonwealth is not a mandatory

6

consideration, but we do not agree that a trial court abuses its discretion when it does factor prejudice into its analysis. Since *United States v. Bashara*, 27 F.3d 1174, 1181 (6th Cir.1994), superseded on other grounds by statute as recognized in *United States v. Goddard*, 638 F.3d 490, 494 (6th Cir. 2011), Federal Courts have considered "potential prejudice to the government if the motion to withdraw is granted" as one of seven factors when determining whether the defendant has set forth a "fair and just reason" for a withdrawal of a plea.[2] Although we have declined to adopt this Federal standard on a number of occasions,[3] and we continue to do so now, these guiding factors, while not mandatory, may be instructive when a court is weighing the totality of the circumstances surrounding a motion to withdraw.

Here, the trial court was not required to consider prejudice to the Commonwealth but by doing so it did not abuse its discretion. In such a case with more than a dozen co-defendants, it is not uncommon for the Commonwealth to make strategic trial decisions based on the pleas of certain defendants. It is neither unreasonable nor an abuse of discretion for a trial

---

[2] The other factors include: "(1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; [and] (6) the degree to which the defendant has had prior experience with the criminal justice system; . . . . " *Bashara*, 27 F.3d at 1181.

[3] *See Bowman v. Commonwealth*, No. 2005-SC-000234-TG, 2006 WL 141586, at *9 (Ky. Jan. 19, 2006); *Commonwealth v. Pridham*, 394 S.W.3d 867, 885 (Ky. 2012); *Britton v. Commonwealth*, No. (2013-CA-001732-MR), 2015 WL 3637486, at *3 (Ky. June 11, 2015).

7

court to consider prejudice to the Commonwealth when a defendant seeks to withdraw his or her plea.

Finally, Hooser takes exception with the trial court's statement regarding perjury; however, he cites no law indicating the accusation constitutes reversible error. The court's statement, while possibly ill-chosen, was not wholly inaccurate as Hooser's testimony at the hearing was irreconcilable with his plea colloquy. Therefore, while we encourage courts to choose their language carefully, the statement herein was not prejudicial.

## III. CONCLUSION.

For the foregoing reasons, we affirm the trial court's denial of Hooser's motion to withdraw his guilty plea.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Erin Hoffman Yang
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Jack Conway
Attorney General of Kentucky

William Robert Long, Jr.
Assistant Attorney General