**Paul LITTLEFIELD, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

April 15, 1977.

Discretionary Review Denied Sept. 13, 1977.

Jack Emory Farley, Public Defender, Com. of Ky., Larry H. Marshall, Asst. Public Defender, Frankfort, for appellant.

Robert F. Stephens, Atty. Gen., George M. Geoghegan, III, Asst. Atty. Gen., Frankfort, Patrick H. Molloy, Com. Atty., 22nd Judicial Dist., Lexington, for appellee.

Before MARTIN, C. J., and GANT and LESTER, JJ.

GANT, Judge.

Appellant, Paul Littlefield, entered a plea of guilty in the Fayette Circuit Court to the charge of attempt to commit a felony, a misdemeanor, and was sentenced to twelve months imprisonment. This sentence was probated for a period of three years on Appellant's motion.

Prior to entering the plea of guilty, Appellant had requested and obtained psychiatric testing to determine competency to stand trial. At a competency hearing held on July 5, 1973, Appellant was adjudged to be "competent to stand trial."

Subsequent to entering the plea of guilty, Appellant filed a motion to set aside the

judgment pursuant to Civil Rule 60.02, alleging that his guilty plea had been coerced and was involuntary. Thereafter, Appellant amended the motion to set aside judgment, adding the allegation that Appellant had been incompetent to enter a plea of guilty. The trial court set a hearing on Appellant's CR 60.02 allegations to be held on May 13, 1976.

On May 13, 1976, Appellant failed to appear at the hearing. Appellant's counsel appeared and attempted to convert Appellant's failure to appear into a voluntary dismissal without prejudice, pursuant to CR 41.01(1). The Commonwealth was prepared to defend against Appellant's allegations with subpoenaed witnesses present and objected to any dismissal without prejudice.

The trial court postponed decision on Appellant's allegations and allowed Appellant ten days in which to state reasons for his failure to appear at the hearing. Appellant filed affidavits explaining his absence. However, the trial court determined that the affidavits did not sufficiently justify Appellant's failure to appear.

On June 23, 1976, the trial court denied Appellant's CR 60.02 motions to set aside the judgment. Also, the trial court ruled that a CR 41.01(1) dismissal without prejudice would not be appropriate. In its memorandum opinion, the trial court reasoned that,

> when a motion under CR 60.02 is filed and comes on for a hearing, it cannot be withdrawn by the movant over the objection of the opposing party, but must either be sustained or overruled. . . .

> In the absence of the defendant, the attorney for the defendant had no proof to offer to support the motion and the Court indicated that in absence of any proof that it would appear that the motion would have to be overruled. [Transcript of Record, p. 130.]

On this appeal, Appellant raises two issues. Appellant urges that, "The court below erred to Appellant's substantial prejudice by overruling Appellant's motion to set aside judgment brought under CR 60.02 since Appellant's plea of guilty was invol-

untary due to his lack of the requisite mental competence." Appellant's second issue urges that, "The court below erred to Appellant's substantial prejudice by refusing to dismiss Appellant's CR 60.02 motion without prejudice."

The thrust of Appellant's first contention is that there is a higher standard of competence to plead guilty than to stand trial and that this higher standard was not met below. In the present case, Appellant's competency to stand trial had previously been placed in issue, and Appellant had been found competent to stand trial. Appellant contends, however, that the subsequent guilty plea proceeding failed to adequately demonstrate a higher competency to plead guilty.

Appellant refers this Court to *Sieling v. Eyman,* 478 F.2d 211 (9th Cir. 1973), which contains language tending to support the proposition that competency to plead guilty involves a higher standard of competency than competency to stand trial. *Sieling, supra,* 478 F.2d at 214.

However, *Sieling* hardly stands alone or unopposed as the only authority on this issue. In fact, the Third Circuit specifically has held that no higher standard of competence is required to enter a guilty plea than to stand trial.

> We do not think that a mental standard, different from that for trial competence, is required for a guilty plea. *United States ex rel. McGough v. Hewitt,* 528 F.2d 339, 342 (3rd Cir. 1976).

Kentucky has adopted the latter view, holding that competence to plead guilty and competence to stand trial are subject to the same strict standard. *Short v. Commonwealth,* Ky., 519 S.W.2d 828, 833 (1975). The Kentucky Rules of Criminal Procedure articulate this strict standard specifically in regard to competence to plead guilty.

> The court . . . shall not accept the plea without first determining that the plea is made voluntarily with understanding of the nature of the charge. RCr 8.08.

See *Lewis v. Commonwealth*, Ky., 472 S.W.2d 65, 66–67 (1971), cert. denied 405 U.S. 1018, 92 S.Ct. 1299, 31 L.Ed.2d 481 (1972).

The record on this appeal discloses in detail the circumstances of Appellant's guilty plea. The trial court thoroughly examined the voluntariness of Appellant's plea and Appellant's understanding of the charge with Appellant's counsel. The trial court then examined these same considerations at length with Appellant. The trial court engaged in these examinations in recognition of the prior determination of Appellant's competence to stand trial. At the same time, Appellant and Appellant's counsel executed in writing a formal Waiver of Further Proceedings with Petition to Enter Plea of Guilty.

During these extensive guilty plea proceedings, the trial court had ample opportunity to observe Appellant to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty. The record amply discloses that Appellant's plea was entered voluntarily and with an understanding of the nature of the charge. Appellant's guilty plea was properly accepted.

The second issue raised on this appeal is that the trial court erred in refusing to dismiss without prejudice Appellant's CR 60.02 motion to set aside the judgment. The thrust of this issue is that, when Appellant failed to appear for the scheduled hearing on his CR 60.02 motion, Appellant was nevertheless entitled to have his motion dismissed without prejudice, pursuant to CR 41.01(1).

Civil Rule 41.01(1) provides a procedure for dismissing without prejudice "an action, or any claim therein." Appellant's CR 60.-02 motion for relief was not "an action, or any claim therein" within the meaning of CR 41.01(1), as clarified in Civil Rules 7.01 and 7.02 distinguishing between pleadings and motions.

In addition, the unavailability of the CR 41.01(1) procedure should have been especially evident where opposing counsel was present at the scheduled and noticed hearing fully prepared to defend against the movant's motion, as actually occurred below.

The trial court properly denied Appellant's motion for relief, and the trial court properly refused to grant the requested dismissal without prejudice.

The judgment is affirmed.

All concur.