David **BRONK**, Appellant,

v.

**COMMONWEALTH of Kentucky,**
Appellee.

No. 1999–SC–0687–MR.

Supreme Court of Kentucky.

Oct. 25, 2001.

---

1. Ky., 975 S.W.2d 100 (1998) (Lambert, J., concurring in part and dissenting in part).

Suzanne Hopf, Department of Public Advocacy, Frankfort, Counsel for Appellant.

A.B. Chandler, III; Attorney General, Gregory C. Fuchs, Assistant Attorney General, Office of Attorney General, Criminal Appellate Division, Frankfort, Counsel for Appellee.

## MEMORANDUM OPINION OF THE COURT

### I. INTRODUCTION

Bronk appeals from a judgment of the Jefferson Circuit Court sentencing him to a total of twenty-five (25) years of imprisonment following his guilty plea to first-degree manslaughter, second-degree arson, and two (2) counts of third-degree burglary. The sole issue Bronk raises on appeal concerns the trial court's denial of his motion to withdraw his guilty plea. Bronk alleges that his plea was involuntary because his counsel rendered ineffective assistance of counsel and failed to advise him concerning issues pertinent to his defense. After an evidentiary hearing, the trial court found that Bronk "was properly advised of his constitutional rights and made a voluntary and intelligent waiver of those rights" and denied the motion. After a review of the record,[1] we affirm the judgment of the Jefferson Circuit Court.

### II. BACKGROUND

On August 3, 1994, Sergeant Strawn Nutter, a Louisville Firefighter, died while fighting a fire. After an investigation revealed that the fire had been started intentionally, the Jefferson County Grand Jury indicted three adult co-defendants, David Butler, Katrina Burns, and Bobby Hayes, for Sergeant Nutter's murder and related charges. Seven months later, Bronk, then

---

1. The Commonwealth's brief asserts that "the record on appeal appears to omit the first seven hours and fifteen minutes of the circuit court's hearing on appellant's motion to withdraw his guilty plea," including the testimony of both Bronk's original counsel and the Circuit Judge who accepted Bronk's pleas of guilty. We observe, however, that the record includes a tape labeled 30–12–98–VCR–034 5/8/98 which contains this "missing" testimony. We thus decline the Commonwealth's invitation to assume, pursuant to *Commonwealth v. Thompson*, Ky., 697 S.W.2d 143 (1985) that the silent record supports the action of the trial court, and we evaluate Bronk's claims on the basis of the entire record before us.

a juvenile, was indicted as a youthful offender on charges of murder, first degree arson, first degree burglary, and third degree burglary.

Bronk's father retained counsel to represent his son, and Bronk's attorney arranged for his client to take a polygraph examination at the Louisville Police Department. Counsel did not accompany Bronk to the polygraph examination, and after the examiner informed Bronk that he had failed the examination, Bronk waived his right to remain silent and confessed that he had acted as a "lookout" for his co-defendant Butler while Butler started the fire.

Bronk's counsel then entered into plea negotiations with the Commonwealth's Attorney, and the Commonwealth agreed to amend the most serious charges to second-degree manslaughter, second-degree arson, and third-degree burglary and to recommend a total sentence of twenty-five (25) years. During his plea colloquy, Bronk explained that, on the day of the fatal fire, he twice had acted as a "lookout" for co-defendant Butler while Butler burglarized a storage shed located near his home. Bronk stated that Butler first removed a large cardboard box from the building, and later in the day returned with a cannister of kerosene and started the fire which caused Sergeant Nutter's death. The trial court accepted Bronk's guilty plea, but delayed final sentencing until after the co-defendants' trial because Bronk was scheduled to testify at the trial as a condition of his plea agreement.

Before the co-defendants' trial, Bronk asked the court to appoint a public defender to represent him, and, after Bronk's retained counsel withdrew from the case, the trial court did so. After consulting with his appointed counsel, Bronk filed a motion to withdraw his plea of guilty which alleged that he entered his plea involun-

tarily as a result of ineffective assistance of counsel. The original trial judge who had accepted the guilty plea recused himself from the case, and the matter was transferred to another division for further proceedings. After a three-day evidentiary hearing, the trial court acknowledged the questions concerning Bronk's retained counsel's performance, but concluded that Bronk voluntarily entered his guilty plea and denied the motion:

> The question is not whether or not the defendant could escape punishment if he had a knowledgeable lawyer. Instead, the question is whether or not his decision to plead guilty was made within constitutional perimeters [sic]. Whether Bronk could have received a better defense or better legal advice concerning the issues in his case, is not relevant to whether or not he made a voluntary and intelligent waiver of his constitutional rights in his guilty plea.

> After considering the totality of the evidence presented at the hearing, this Court believes that the Defendant, Bronk, despite the infirmatives [sic] of his attorney was properly advised of his constitutional rights and made a voluntary and intelligent waiver of these rights under the perimeters [sic] of *Boykin, supra.*

> Accordingly, the motion to withdraw the plea of guilty is DENIED.

The trial judge who ruled upon Bronk's motion to withdraw his guilty plea later entered final judgment sentencing Bronk in accordance with the plea agreement. Bronk appeals from this judgment.

## III. ANALYSIS

Bronk argues that the trial court erred in denying his motion to withdraw his guilty plea because his counsel's ineffective assistance rendered his plea involuntary. Bronk specifically alleges that his counsel:

(1) inadequately represented him at the preliminary transfer hearing in Jefferson District Court; (2) failed to interview witnesses or otherwise investigate the case; (3) failed to review with Bronk the discovery materials provided by the Commonwealth; (4) simply joined in the motions filed by counsel for the co-defendants and, other than one oral motion for bond reconsideration, made no separate motions on Bronk's behalf; (5) arranged for Bronk to take a polygraph examination without properly explaining to his client that he was not required to do so; (6) failed to attend the polygraph examination at which Bronk waived his *Miranda* rights and confessed to his involvement in the crimes; and (7) counseled Bronk to accept a plea agreement without discussing the possibility of suppressing his confession.

 A guilty plea is valid only when it is entered intelligently and voluntarily.[2] Thus, RCr 8.08 requires a trial court, at the time of the guilty plea, to determine "that the plea is made voluntarily with understanding of the nature of the charge,"[3] to fulfill "the dual purpose of having a judicial determination that the guilty plea is made voluntarily and under-standably and providing an appropriate court record demonstrating those important facts."[4] Under RCr 8.10, trial courts have the discretion to permit a defendant to withdraw his or her guilty plea before final judgment and proceed to trial.[5] In cases where the defendant disputes his or her voluntariness, a proper exercise of this discretion requires trial courts to consider the totality of the circumstances surrounding the guilty plea[6] and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington*[7] inquiry into the performance of counsel:

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have

---

**2.** *See Centers v. Commonwealth,* Ky.App., 799 S.W.2d 51, 54 (1990):

> In determining the validity of guilty pleas in criminal cases, the plea must represent a voluntary and intelligent choice among the alternative course of action open to the defendant. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Sparks v. Commonwealth,* Ky.App., 721 S.W.2d 726 (1986). The United States Supreme Court has held that both federal and state courts must satisfy themselves that guilty pleas are voluntarily and intelligently made by competent defendants. *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970).

**3.** RCr 8.08.

**4.** *Lucas v. Commonwealth,* Ky., 465 S.W.2d 267, 268 (1971).

**5.** RCr 8.10 ("At any time before judgment the court *may* permit the plea of guilty or guilty but mentally ill, to be withdrawn and a plea of not guilty substituted." *Id.* (emphasis added)). *See also Turner v. Commonwealth,* Ky. App., 10 S.W.3d 136, 138 (2000); *Couch v. Commonwealth,* Ky., 528 S.W.2d 712, 713–14 (1975).

**6.** *See Centers v. Commonwealth, supra* note 2 at 54 ("The validity of a guilty plea must be determined not from specific key words uttered at the time the plea was taken, but from considering the totality of circumstances surrounding the plea." *Id.*); *Kotas v. Commonwealth,* Ky., 565 S.W.2d 445, 447 (1978).

**7.** 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

pleaded guilty, but would have insisted on going to trial.[8]

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made."[9] While "[s]olemn declarations in open court carry a strong presumption of verity,"[10] "the validity of a guilty plea is not determined by reference to some magic incantation recited at the time it is taken[.]"[11] The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won"[12] and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory."[13] Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial,"[14] the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

Because of the factual determinations inherent in this evaluation, Kentucky appellate courts have recognized that "the trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence to plead guilty"[15] at the time of the guilty plea and in a "superior position to judge [witnesses'] credibility and the weight to be given their testimony"[16] at an evidentiary hearing. Accordingly, this Court reviews a trial court's ruling on a defendant's motion to withdraw his guilty plea only for abuse of discretion by "ascertain[ing] whether the court below acted erroneously in denying that appellant's pleas were made involuntarily."[17]

We find that the trial court did not abuse its discretion when it found that none of Bronk's counsel's deficiencies affected the voluntariness of Bronk's guilty plea and denied the motion to withdraw the plea. In its role as fact-finder, the trial court found significant the testimony of the judge who accepted Bronk's guilty plea:

> This Court is impressed by the testimony of Judge Steven Mershon, who testified that he was well aware that Kaplan was not attending all of the hearings, that were generated by the public defenders, representing the other defendants in this case. Judge Mershon

---

8. *Sparks v. Commonwealth*, Ky.App., 721 S.W.2d 726, 727–28 (1987). *See also Centers v. Commonwealth, supra* note 2 at 55.

9. *Centers v. Commonwealth, supra* note 2 at 54.

10. *Id.* (*citing Blackledge v. Allison*, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)).

11. *Kotas v. Commonwealth, supra* note 6 at 447.

12. *Foley v. Commonwealth*, Ky., 17 S.W.3d 878, 884 (2000) (quoting *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir.1992)).

13. *Id.*

14. *Jewell v. Commonwealth*, Ky., 725 S.W.2d 593, 595 (1987).

15. *Centers v. Commonwealth, supra* note 2 at 54. *See also Littlefield v. Commonwealth*, Ky. App., 554 S.W.2d 872, 874 (1977).

16. *Kotas v. Commonwealth, supra* note 6 at 447.

17. *Lynch v. Commonwealth*, Ky.App., 610 S.W.2d 902, 905 (1981).

addressed the quality of Kaplan's representation of Bronk on occasion, but *notwithstanding this, he made a careful inquiry of Bronk. In conclusion, Judge Mershon was and still remains convinced that Bronk's plea of guilty was knowingly and intelligently entered.*

Our review of the totality of the circumstances surrounding Bronk's plea finds substantial evidence that supports the trial court's finding. Bronk, who was an adult at the time of the plea and who appeared to be articulate and to have an above-average comprehension of the proceedings, signed a statement that he had read and understood the charges and his rights and that he waived those rights in order to enter his plea of guilty. The trial court gave Bronk ample opportunity during the plea colloquy to retract his plea or inform the court of his dissatisfaction with his counsel. The record demonstrates that Bronk understood his rights and was satisfied with his counsel at the time he plead guilty.

Bronk faced the possibility of life imprisonment if the case proceeded to trial, and the plea agreement Bronk entered into involved a shorter term of imprisonment and a substantially earlier parole eligibility date than if he were convicted of the indicted offenses. We find no merit to Bronk's contention that his counsel's failure to advise him that he could ask the trial court to suppress evidence of his confession constituted ineffective assistance of counsel which rendered his plea involuntary.[18] As was the case in *Couch v. Com-*

---

**18.** *See Relford v. Commonwealth,* Ky.App., 558 S.W.2d 175, 178 (1977) (emphasis added).

**19.** *Supra* note 5.

**20.** *Id.* at 715. *See also Centers v. Commonwealth, supra* note 2 at 55 ("Reviewing the record and all of the surrounding circumstances of the instant case, we find that appel-

*monwealth,*[19] "[W]e can find nothing in this record to indicate that [the defendant] was in any wise misled *and surely not to the extent that the plea became involuntary.* This court is of the opinion that the trial court properly exercised its discretion under RCr 8.10 in denying [the] motion to withdraw his guilty plea."[20]

## IV. CONCLUSION

For the above reasons, we affirm the judgment of the Jefferson Circuit Court.

LAMBERT, C.J.; GRAVES, JOHNSTONE, KELLER and WINTERSHEIMER, JJ., concur.

COOPER, J., concurs by separate opinion in which STUMBO, J., joins.

COOPER, Justice, concurring.

I concur in the result reached by the majority. However, I write separately to dispute the majority's conclusion that whether to permit a defendant to withdraw a guilty plea is within the discretion of the trial court and that the standard of review is whether there was an "abuse of discretion." I believe that to be an incorrect statement of the law. *See, e.g., Haight v. Commonwealth,* Ky., 760 S.W.2d 84 (1988) and cases cited therein at 88. The majority opinion and the case upon which it primarily relies, *Couch v. Commonwealth,* Ky., 528 S.W.2d 712 (1975), both cite in support of this conclusion the language of RCr 8.10, *viz:*

lant's guilty plea was knowingly, intelligently, and voluntarily made." *Id.*); *Sparks v. Commonwealth, supra* note 8 at 728; *Kotas v. Commonwealth, supra* note 6 at 447 ("[I]t is beyond cavil that the trial court was correct when it found that this guilty plea was entered voluntarily .... Fairness and justice will support no other conclusion." *Id.*).

[T]he court *may* permit the plea of guilty or guilty but mentally ill to be withdrawn and a plea of not guilty substituted.

(Emphasis added.) The rule does not say that "the court *may or may not* permit, etc." In other words, RCr 8.10 vests the trial court with discretion to *permit* a guilty plea to be withdrawn; however, whether to *deny* a motion to withdraw a guilty plea is not discretionary but requires a *factual* inquiry into the circumstances surrounding the plea, primarily to ascertain whether it was voluntarily entered. That is especially true where, as here, the allegation is that the plea was the product of ineffective assistance of counsel. If the motion is denied, the decision is reviewed under the "clearly erroneous" standard, *i.e.*, whether the trial judge's denial of the motion was supported by "substantial evidence." At times, the majority opinion appears to adhere to this standard:

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made."

Op. at 487 (quoting *Centers v. Commonwealth*, Ky.App., 799 S.W.2d 51, 54 (1990)).

In its role as fact-finder, the trial court found significant testimony of the judge who accepted Bronk's guilty plea.

*Id.* at 487.

Our review of the totality of the circumstances surrounding Bronk's plea finds substantial evidence that supports the trial court's finding.

*Id.* at 488.

At other times, the opinion appears to use the standards interchangeably:

Accordingly, this Court reviews a trial court's ruling on a defendant's motion to withdraw his guilty plea only for abuse of discretion by "ascertain[ing] whether the court below acted erroneously in denying that Appellant's pleas were made involuntarily."

*Id.* at 487 (quoting *Lynch v. Commonwealth*, Ky.App., 610 S.W.2d 902, 905 (1981)). (*Lynch*, however, did not purport to apply an abuse of discretion standard, but held that "we are unable to state that the findings of the evidentiary hearing were in error and that the court below acted erroneously in relying upon same to deny appellant's 11.42 motion." *Id.*)

Ultimately, however, the majority opinion concludes that whether to deny Appellant's motion to withdraw his guilty plea was within the discretion of the trial court. Op. at 488. I disagree with that statement as a general proposition. However, a review of the record and the evidence presented at the hearing on the motion reveals that the trial judge's findings were supported by substantial evidence and, therefore, that his conclusion was not "clearly erroneous." Thus, I concur in the result reached in this case.

STUMBO, J., joins this concurring opinion.