# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 22, 2018
NOT TO BE PUBLISHED

# Supreme Court of Kentucky FINAL

## 2017-SC-000026-MR DATE 4/12/18 Kim Redmon, DC

KIRBY B. RUANO                                                           APPELLANT

|  | ON APPEAL FROM FAYETTE CIRCUIT COURT |
| V. | HONORABLE ERNESTO SCORSONE, JUDGE |
|  | NO. 12-CR-01233-003 |

COMMONWEALTH OF KENTUCKY                                     APPELLEE

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

Kirby B. Ruano appeals as a matter of right from the Fayette Circuit Court's judgment sentencing him to thirty years' imprisonment for murder and complicity to commit first-degree robbery in accordance with a plea agreement. Prior to sentencing, Ruano filed a motion to withdraw his guilty plea. The trial court denied the motion and sentenced Ruano in accordance with the plea agreement. On appeal, Ruano argues that: (1) his plea was involuntary and (2) the trial court abused its discretion in denying his motion to withdraw the plea. The trial court's findings that Ruano's guilty plea was knowing, voluntary and intelligent are supported by substantial evidence, and therefore not clearly

erroneous. Moreover, we find that the trial court did not abuse its discretion in denying Ruano's motion to withdraw the guilty plea. Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

Ruano was indicted on charges of murder and first-degree robbery. Before trial, Ruano reached a plea agreement with the Commonwealth in which he agreed to a thirty-year sentence on the murder count and ten years on the robbery count, all to run concurrently for a total sentence of thirty years. Prior to entering the plea, the trial court conducted a proper *Boykin* colloquy with Ruano. The trial court determined that there was a factual basis for the plea and that Ruano's guilty plea was entered voluntarily and intelligently.

After entry of the plea, but prior to sentencing, Ruano filed a motion to withdraw his plea, insisting that he accepted the plea offer because of outside pressures. The trial court questioned Ruano and counsel about the grounds for his motion without placing them under oath. Ruano stated that he was pressured into the agreement because he did not have enough time to think about the Commonwealth's offer. Ruano's attorney stated that she discussed settling the case with the Commonwealth at least one week before the plea was entered and that Ruano was aware of these discussions. Counsel also stated that the thirty-year sentence agreed upon in the plea was included in the general range of years that had been discussed during negotiations.

The trial court reminded Ruano of the plea colloquy and that at no point during the discussions did he indicate that the plea was involuntary. The trial court asked Ruano if he was truthful when he answered the court's questions

2

and Ruano indicated that he had not been truthful. After a brief recess with counsel, Ruano changed his answer and said he was truthful in his responses during the plea colloquy. Following this informal inquiry regarding the merits of his claim, the trial court entered final judgment in the case on July 14, 2014.

After entry of that judgment, Ruano appealed as a matter of right. This Court held that the trial court's informal disposition of Ruano's motion to withdraw his guilty plea compromised his right to conflict-free counsel. In an unpublished opinion rendered December 17, 2015, this Court vacated the judgment and order denying Ruano's motion to withdraw his guilty plea and remanded the case to circuit court for further proceedings.

Through new, conflict-free counsel, Ruano filed a second motion to withdraw his guilty plea. In his motion he stated again he felt pressured into accepting the Commonwealth's offer, and that he did not have sufficient time to contemplate the offer, making his plea involuntary. The trial court conducted a hearing and allowed both sides to present arguments.

During the hearing, the Commonwealth called Joanne Lynch, Ruano's former counsel, to the stand. Lynch stated that she had not received official notice that the Commonwealth intended to seek the death penalty until approximately one month before the scheduled trial and that counsel had been preparing for a non-death penalty case during the preceding twelve months.[1]

---

[1] While Ruano's former counsel stated that the Commonwealth filed official notice of intent to seek the death penalty approximately one month before the scheduled trial, a review of the record reflects that the Commonwealth's notice was

3

Lynch testified that Ruano expressed hesitation about accepting the Commonwealth's offer because of the length of the sentence, but that Ruano did not inform her of any outside pressures regarding entering the plea.

The trial court questioned Lynch about her working relationship with Ruano. Lynch stated her belief that if Ruano received threats or intimidation about entering the plea that he would have shared that information with her. The Commonwealth argued that the defendant had not presented any evidence of outside pressures or evidence that he did not enter a knowing and voluntary plea. The trial court determined that Ruano's plea was knowing, voluntary and consistent with his counsel's evaluation of the case. In support of the denial, the trial court pointed to the statements affirmed by Ruano in open court during the plea colloquy, and that Ruano received a recommended sentence from the Commonwealth that was within the range of years that had previously been discussed between the parties. Finding no evidence that Ruano's plea was involuntary, the trial court denied the motion to withdraw the plea and sentenced Ruano in accordance with the plea agreement.

## ANALYSIS

To be valid, a guilty plea must be entered "intelligently and voluntarily." *Bronk v. Commonwealth,* 58 S.W.3d 482, 486 (Ky. 2001). In determining whether a plea is voluntary, trial courts make a fact-specific inquiry into the totality of the circumstances surrounding the plea. *Porter v. Commonwealth,*

---

filed on November 27, 2013, and trial was scheduled for February 3, 2014. Ruano entered his guilty plea on December 20, 2013.

4

394 S.W.3d 382, 385 (Ky. 2011). Kentucky Rule of Criminal Procedure (RCr) 8.10 states that the trial court may permit a defendant to withdraw a guilty plea at any time before judgment. When a defendant seeks to withdraw a guilty plea prior to sentencing, the court must hold a hearing to determine its voluntariness. *Porter*, 394 S.W.3d at 385. If the trial court determines the plea was involuntary, it must grant the motion to withdraw the plea, but if it finds that the plea was voluntary, it is within the trial court's discretion to allow the withdrawal. *Id.* at 386. A trial court's determination on the voluntariness of a plea is reviewed for clear error, while the court's ruling on a motion to withdraw a guilty plea is reviewed for abuse of discretion. *Id.*

## I. The Trial Court Did Not Err When It Found Ruano's Guilty Plea Was Voluntary.

Clear error review requires determining whether the trial court's denial of the motion to withdraw the plea was supported by substantial evidence. *Id.* "The trial court is in the best position to determine if there was any 'reluctance, misunderstanding, involuntariness, or incompetence to plead guilty[.]'" *Id.* at 386 (*quoting Bronk*, 58 S.W.3d at 487).

On appeal, Ruano argues that his plea was coerced and not voluntary for two primary reasons: (1) the Commonwealth filed a notice to seek aggravated penalties approximately one month before trial, and (2) he did not want to accept the length of sentence the Commonwealth offered. Ruano also maintains that he did not have enough time to decide whether to enter the plea.

5

The record supports the trial court's finding that Ruano voluntarily entered his guilty plea. At the plea hearing, the trial court engaged in approximately six minutes of colloquy with Ruano to ensure that he understood his plea and its consequences. Ruano, while under oath, acknowledged that he had no mental problems and was not sick or under the influence of any substance that would make it difficult for him to understand what was happening; that he discussed the plea with his attorney, had enough time for discussions, and had no complaints about her representation; that he read the guilty plea form and understood it; that he understood the implications of the plea, including the resulting waiver of constitutional rights; that he understood the possibility of these felonies being used to increase the penalty on any future charges; and that no threats or promises were made to induce him to enter the plea. Ruano's counsel indicated that she explained everything to Ruano and, in her opinion, he understood the circumstances surrounding the plea. Assisted by counsel, Ruano reviewed and signed the plea form.

"Solemn declarations in open court carry a strong presumption of verity." *Edmonds v. Commonwealth*, 189 S.W.3d 558, 569 (Ky. 2006) (*quoting Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629 52 L. Ed. 2d 136 (1977)). Ruano's declarations, made under oath, indicate that he understood the plea, considered the plea, and knew the consequences of taking the plea. Ruano had many opportunities to express reservations or indicate unwillingness to enter the plea, but he failed to do so.

6

There was no showing that Ruano was under any sort of pressure to take the plea. The only arguments set forth were that Ruano felt pressured due to the length of the sentence, and that he did not feel he had enough time to think about the plea. However, the length of the sentence offered in the plea was well within the range of years discussed in negotiations between Ruano's counsel and the Commonwealth according to Lynch's testimony at the hearing on the second motion to withdraw the plea. Lynch also testified that the number of years ultimately accepted in the plea was discussed thoroughly with Ruano. Lynch stated that she and Ruano had a good working relationship and that it was her belief that if Ruano had received any threats or outside pressures to enter the plea, he would have communicated it to her. His only expressed hesitation related to the number of years in the sentence, with him hoping for less than twenty years.

As to the length of time Ruano had to think about the plea, although he may have had limited time to review the formal terms of the offer, according to Lynch, plea negotiations had been ongoing for at least a week prior to the formal offer. Indeed, as stated in this Court's Opinion from the first appeal, while Ruano may have had only twenty-four hours to review the terms of the plea agreement, negotiations and discussions between the Commonwealth and Ruano's counsel were ongoing for weeks. *Ruano v. Commonwealth*, 2014–SC–000469–MR and 2014–SC–000534–MR, WL 9243549 n. 11 (Ky. December 17, 2015). "The Commonwealth's plea offer did not blindside Ruano." *Id.*

7

This Court further stated that the Commonwealth's official notice that it was seeking the death penalty should not have been a surprise to Ruano. *Id.* Ruano was indicted for a capital offense, so the possibility of the Commonwealth seeking the death penalty was always present. Additionally, at a status hearing on March 15, 2013 (nine months before the plea), the Commonwealth acknowledged that this was a death penalty case and accordingly requested scheduling four weeks for trial. The record reflects the trial court stated there was no deficiency in the indictment and that the court's impression from the beginning was that this was a death penalty case.

Having considered Ruano's arguments and the record, we find substantial evidence to support the trial court's finding that the plea was voluntary. That finding was thus not clearly erroneous.

## II. The Trial Court Did Not Abuse its Discretion in Denying Ruano's Motion to Withdraw the Guilty Plea.

If the trial court determines that the plea is voluntary, deciding whether to grant a pre-judgment motion to withdraw the plea is within the trial court's "sound discretion." *Greene v. Commonwealth,* 475 S.W.3d 626, 630 (Ky. 2015). Appellate review for abuse of discretion requires this Court to determine whether the trial court's ruling on the motion to withdraw a plea was "arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Edmonds,* 189 S.W.3d at 565 (*quoting Commonwealth v. English,* 993 S.W.2d 941, 945 (Ky. 1999)).

There was no abuse of the trial court's discretion in denying the second motion to withdraw the plea. At the hearing on the second motion, the trial

8

judge allowed arguments and evidence from Ruano and the Commonwealth. The trial judge reviewed the record and specifically recalled the extensive plea colloquy before Ruano entered the guilty plea. Ruano was given ample opportunities during questioning to inform the court of outside pressures, coercion, or hesitations, but he did not.

Denying Ruano's motion and sentencing him according to the plea agreement was not unfair because had Ruano proceeded to trial he could have received the death penalty. Lynch testified during the second motion to withdraw the plea that she believed there to be a high probability that a jury would find Ruano guilty under complicity or even as the principal if the case had gone to trial. The offer from the Commonwealth represented "a meaningful choice between the probable outcome at trial and the more certain outcome offered by the plea agreement." *Commonwealth v. Elza*, 284 S.W.3d 118, 122 (Ky. 2009) (*quoting Vaughn v. Commonwealth*, 258 S.W.3d 435, 439 (Ky. App. 2008)).

The record reflects that the trial court considered the totality of the circumstances in denying Ruano's second motion to withdraw his guilty plea. The trial court's decision was "reasonable, fair, and supported by sound legal principles." *Porter*, 394 S.W.3d at 386. There is nothing in the record to suggest the trial court abused its discretion in denying the motion.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's denial of Ruano's motion to withdraw his plea.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Kathleen Kallaher Schmidt
Assistant Public Advocate
Department of Public Advocacy

COUNSEL FOR APPELLEE:

Andy Beshear
Attorney General of Kentucky

Courtney J. Hightower
Assistant Attorney General
Office of Criminal Appeals
Office of the Attorney General

10