RENDERED:  SEPTEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0554-MR

DAVID SMITH                                                         APPELLANT


                        APPEAL FROM PERRY CIRCUIT COURT
v.                      HONORABLE ALISON C. WELLS, JUDGE
                        ACTION NO. 18-CR-00079


COMMONWEALTH OF KENTUCKY                                            APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  TAYLOR, K. THOMPSON, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE:  David Smith appeals from an order of the Perry Circuit

Court which denied his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion

alleging ineffective assistance of counsel.  Appellant argues that he received

ineffective assistance of counsel because his trial counsel failed to conduct an

investigation which would have revealed an exculpatory witness and because he

was not informed of certain collateral consequences of his pleading guilty. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On October 1, 2017, Appellant was staying at the Daniel Boone Inn in Hazard, Kentucky. Also staying at the inn was Christine Maloney. Ms. Maloney alleged that sometime during the night, Appellant took her car without permission and damaged it. On May 21, 2018, Appellant was indicted and charged with theft by unlawful taking of property that is worth more than $500 but less than $10,000,[1] and criminal mischief in the second degree.[2] Appellant maintained his innocence; however, he entered into a plea agreement with the Commonwealth where he would plead guilty to both charges and the Commonwealth would recommend a four-year prison sentence, but it would be probated. Appellant was sentenced in accordance with the plea agreement on January 7, 2019.

On September 17, 2020, Appellant filed an RCr 11.42 motion alleging ineffective assistance of counsel and requesting a hearing. Appellant alleged that counsel failed to investigate his case and find an exculpatory witness that had recently come forward. Appellant also alleged that he was not informed that his

---

[1] Kentucky Revised Statutes (KRS) 514.030(2)(d). This statute has since been amended and the subsection is now numbered KRS 514.030(2)(e).

[2] KRS 512.030.

-2-

license would be suspended for a year once he pleaded guilty and that he would have to undergo weekly drug testing as part of his probation.

On February 5, 2021, the trial court held an evidentiary hearing. Two Department of Public Advocacy (DPA) attorneys who represented Appellant at trial testified. Also testifying were a DPA investigator, Appellant, and the alleged exculpatory witness, Austin Taylor. Appellant's trial counsel testified that they could not remember many specifics regarding Appellant's case, but they described their usual trial tactics and what would be involved in accepting a plea agreement. The DPA investigator testified about contacting and speaking with Mr. Taylor. The investigator also spoke with the owner of the Daniel Boone Inn in an attempt to locate guest records for the night the car was stolen but was informed those records are destroyed after six months. Mr. Taylor testified that he randomly met Appellant at the Probation and Parole Office, began talking with him, and realized he was present at the Daniel Boone Inn on the day the vehicle was stolen. He stated that he had a room at the inn and socialized with Ms. Maloney and her boyfriend the night of October 1, 2017. He also testified that he did not think Appellant could have stolen the car because Ms. Maloney and her boyfriend gave him a ride from the Daniel Boone Inn in Ms. Maloney's car the morning after the car was supposedly stolen.

The trial court ultimately denied Appellant's motion. The court found that Mr. Taylor's testimony was not credible and that the license suspension and drug testing arguments were without merit. This appeal followed.

## ANALYSIS

To prevail on a claim of ineffective assistance of counsel, Appellant must show two things:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). "[T]he proper standard for attorney performance is that of reasonably effective assistance." *Id.*

> An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.

*Id.* at 691-92, 104 S. Ct. at 2066-67 (citations omitted). "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693, 104 S. Ct. at 2067. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S. Ct. at 2068.

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.

*Id.* at 689, 104 S. Ct. at 2065 (citations omitted). "Appellant is not guaranteed errorless counsel or counsel that can be judged ineffective only by hindsight, but

rather counsel rendering reasonably effective assistance at the time of trial."

*Parrish v. Commonwealth*, 272 S.W.3d 161, 168 (Ky. 2008) (citations omitted).

> At the trial court level, "[t]he burden is upon the accused to establish convincingly that he was deprived of some substantial right which would justify the extraordinary relief afforded by . . . RCr 11.42." On appeal, the reviewing court looks *de novo* at counsel's performance and any potential deficiency caused by counsel's performance.

> And even though, both parts of the *Strickland* test for ineffective assistance of counsel involve mixed questions of law and fact, the reviewing court must defer to the determination of facts and credibility made by the trial court. Ultimately however, if the findings of the trial judge are clearly erroneous, the reviewing court may set aside those fact determinations. [Kentucky Rule of Civil Procedure] CR 52.01 ("[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witness.") The test for a clearly erroneous determination is whether that determination is supported by substantial evidence. This does not mean the finding must include undisputed evidence, but both parties must present adequate evidence to support their position.

*Brown v. Commonwealth*, 253 S.W.3d 490, 500 (Ky. 2008) (citations omitted).

Furthermore, because this case involved a guilty plea, we must take additional issues under consideration.

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of

professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." While "[s]olemn declarations in open court carry a strong presumption of verity," "the validity of a guilty plea is not determined by reference to some magic incantation recited at the time it is taken[.]" The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won" and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial," the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

With the above standard of review in mind, we now move on to Appellant's arguments. Appellant's first argument on appeal is that he received ineffective assistance of counsel when trial counsel failed to investigate the case, thereby missing out on the opportunity to find Mr. Taylor. Appellant argues that

-7-

trial counsel should have used a DPA investigator to inquire as to the guests at the inn on the night in question and that this would have led to the discovery of Mr. Taylor. Appellant claims that if he knew about Mr. Taylor's existence, he would not have pleaded guilty.

"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066. "A reasonable investigation is not an investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct. The investigation must be reasonable under all the circumstances." *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky. 2001), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009) (citations omitted).

We do not believe Appellant was prejudiced by counsel's failure to investigate the other customers at the inn. During her testimony, the DPA investigator stated that the owner of the inn only kept customer records for six months before they were destroyed. The theft of the vehicle occurred on October 1, 2017, and Appellant was indicted on May 21, 2018. The time period between

Mr. Taylor and Appellant staying at the inn and Appellant's indictment is over six months; therefore, it is unlikely that trial counsel would have discovered Mr. Taylor's existence prior to the trial date as any customer records would have already been destroyed. If there was no information on Mr. Taylor to find at the inn, Appellant could not have been prejudiced by trial counsel's failure to find him.

Appellant's other argument on appeal is that his trial counsel was ineffective for failing to inform him that his driver's license would be temporarily suspended upon him pleading guilty and that he would have to take drugs tests every week. He claims that had he been told about the license suspension and frequent drug tests, he would not have pleaded guilty.

KRS 186.560(1)(a)4. mandates that anyone convicted of a felony involving a motor vehicle is to have his or her license suspended. Appellant's license was suspended for one year pursuant to KRS 186.560(5). As for the drug testing, Appellant alleged he was told he would only have to be tested for drugs once a month, instead of the once a week testing which actually occurred. He claims that his trial counsel failed to inform him of these collateral consequences.

In support of this argument, Appellant cites to *Padilla v. Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), and *Commonwealth v. Pridham*, 394 S.W.3d 867 (Ky. 2012). In *Padilla*, the United States Supreme Court held that trial counsel's performance was deficient for purposes of an

ineffective assistance claim when counsel failed to inform a defendant that he was subject to deportation if he pleaded guilty to drug distribution charges. *Padilla*, 559 U.S. at 368-69, 130 S. Ct. at 1483. In *Pridham*, the Kentucky Supreme Court held that incorrect parole eligibility information could also be deemed ineffective assistance of counsel. *Pridham*, 394 S.W.3d at 879. The defendant in *Pridham* accepted a guilty plea and was sentenced to thirty years in prison. Prior to accepting the plea agreement, trial counsel informed the defendant that he would be eligible for parole after six years. Instead, he was not eligible for parole for twenty years. We must also mention *Commonwealth v. Thompson*, 548 S.W.3d 881 (Ky. 2018), where the Kentucky Supreme Court held that the failure to inform a defendant that he would have to register as a sex offender was such deficient performance that it required an ineffective assistance of counsel hearing to determine prejudice.

Turning to the issue at hand,

> guilty pleas will be entered without awareness of a collateral consequence of genuine significance to a particular defendant. We are not prepared to say, and we do not believe the Supreme Court has mandated, that in all or even many of those cases the attorney's assistance is, for that reason, to be deemed incompetent under the Sixth Amendment.

*Pridham*, 394 S.W.3d at 883.

Here, we do not believe the temporary suspension of a driver's license and more frequent drug testing is as severe as deportation,[3] registering as a sex offender,[4] or severely overestimating parole eligibility.[5] While these consequences may have caused a hardship on Appellant, counsel's failure to inform Appellant of them was not so deficient as to be declared professionally unreasonable.

## CONCLUSION

Based on the foregoing, we conclude that Appellant's trial counsel was sufficiently effective. The judgment of the trial court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Samuel N. Potter
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Thomas A. Van De Rostyne
Assistant Attorney General
Frankfort, Kentucky

---

[3] *See Padilla*, 559 U.S. at 365, 130 S. Ct. at 1480, where it states that "deportation is a particularly severe penalty[.]" (Internal quotation marks and citation omitted.)

[4] *See Thompson*, 548 S.W.3d at 891, where it states that registering as a sex offender has "serious and lifelong consequences[.]"

[5] *See Pridham*, 394 S.W.3d at 878, where it states that a "sharply extended period of parole ineligibility is a serious enough and certain enough detriment that a person pleading guilty is entitled to know about it."