RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1370-MR

DAVID A. MITCHELL                                          APPELLANT

v.                   APPEAL FROM BOYD CIRCUIT COURT
                      HONORABLE GEORGE W. DAVIS, JUDGE
                      ACTION NO. 21-CR-00470

COMMONWEALTH OF KENTUCKY                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ECKERLE, L. JONES, KAREM, JUDGES.

JONES, L., JUDGE: David A. Mitchell brings this appeal from an October 18, 2023 final judgment and sentence of imprisonment of the Boyd Circuit Court sentencing Mitchell to a total of fifteen years' imprisonment upon a jury verdict finding him guilty of sexual abuse in the first degree and strangulation in the first degree. As we conclude the circuit court did not abuse its discretion in denying

Mitchell's motion to withdraw his guilty plea, we affirm the judgment and sentence of imprisonment.

On November 16, 2021, Mitchell was indicted by a Boyd County grand jury upon one count each of rape in the first degree and assault in the fourth degree (domestic violence) no visible injury. Thereafter, Mitchell was also indicted upon one count of strangulation in the first degree. Both indictments resulted from an incident that occurred on November 9, 2021, wherein it was alleged that Mitchell "pushed [the victim] out of her wheelchair, choked her, pulled her hair, raped her, and called her a whore." Record at 32.

On December 6, 2022, the Commonwealth and Mitchell entered into a plea agreement. Pursuant to the plea agreement, Mitchell would enter an unconditional guilty plea to strangulation in the first degree and an amended charge of sexual abuse in the first degree. As part of the plea agreement, the fourth-degree assault charge would be dismissed. The Commonwealth recommended a five-year sentence of imprisonment on the amended charge of sexual abuse in the first degree and a ten-year sentence on the first-degree strangulation. The sentences were to run consecutively for a total combined sentence of fifteen years' imprisonment.

Mitchell appeared before the circuit court and entered a guilty plea pursuant to the plea agreement with the Commonwealth. However, before entry of

the final judgment, Mitchell filed a motion to withdraw his guilty plea on February 21, 2023. Therein, Mitchell asserted his plea was not entered voluntarily, knowingly, and intelligently. Mitchell subsequently filed a motion for a competency evaluation and hearing on February 24, 2023.

On June 2, 2023, the parties appeared before the circuit court upon Mitchell's motion for a competency hearing. At the hearing, Megan Green, Psy.D. (Dr. Green) with Kentucky Correctional Psychiatric Center (KCPC), testified about her evaluation of Mitchell. Dr. Green stated she diagnosed Mitchell with Adjustment Disorder with Mixed Anxiety and Depressed Mood; however, she found no evidence of thought disturbances or psychosis, and Mitchell engaged with her appropriately. Dr. Green further testified that she believed Mitchell certainly had adequate understanding of the legal system, needed no education or explanation except on one question, and was able to adequately answer questions related to his ability to participate in his own defense.

At the conclusion of the hearing, the court ruled as follows:

> The court has heard all the evidence it needs in regards to the competency issue. It's clear that based on not only the doctor's testimony, but it is clear by this gentlemen's demeanor here that he has the capacity to appreciate the nature and extent and consequences of the proceedings against him, and rationally participate in his own defense, and did. Upon questioning him, in relation to this, he was asked on his plea if he had any mental defect, or let's see, the exact question was, "Have you ever been treated for any mental disease or been in a mental hospital?"

> "No." These are being raised after the fact, because you
> now don't like the deal that you agreed to. I'll say
> nothing more than my findings have been made.

Appellee's Brief at 7 (citing June 2, 2023, Video Record, 12:57:40-12:59:05).

The circuit court then inquired whether there was any other evidence to be heard regarding the motion to set aside Mitchell's guilty plea. Mitchell requested that the case be passed for two weeks, and the Commonwealth agreed to do so. Subsequently, on June 16, 2023, Mitchell again asked the court to set aside his guilty plea. Mitchell asserted that KCPC had diagnosed him with an adjustment disorder, that he did not understand the plea agreement, and that he was confused about the motives of the Commonwealth and of the judge. The circuit court denied Mitchell's motion to withdraw his guilty plea as follows:

> As I stated before, it seems [Mitchell] has buyer's
> remorse in his plea. There is nothing to indicate that he
> was not competent at the time that he made the plea.
> There's nothing to indicate that he didn't enter it
> knowingly and intelligently, not under duress. The court
> finds no reason to set aside his guilty plea in this matter,
> and the court overrules the motion.

Appellee's Brief at 7-8 (citing Video Record, June 16, 2023, at 11:30:40-11:31:07).

Thereafter, by written order entered June 19, 2023, the circuit court held that the "motion to set aside plea overruled – see record for findings."[1] By judgment and sentence of imprisonment entered October 18, 2023, Mitchell was sentenced to fifteen years' imprisonment in accordance with the plea agreement. This appeal follows.

Mitchell asserts that the circuit court erred by denying his motion to set aside his guilty plea. More particularly, Mitchell contends that his guilty plea was not voluntarily, knowingly, or intelligently made as he did not understand the criminal charges against him and that he lacked the ability to comprehend the plea negotiations.

Pursuant to Kentucky Rules of Criminal Procedure (RCr) 8.10, a defendant is permitted to withdraw his guilty plea before final judgment is entered. If a defendant claims the guilty plea was involuntarily or unintelligently made, a proper exercise of discretion requires the circuit court to consider the totality of the circumstances surrounding the guilty plea. *Bronk v. Commonwealth*, 58 S.W.3d 482, 486 (Ky. 2001). A plea is considered valid if it "represents a voluntary and

---

[1] In Mitchell's brief, he alleges that the Commonwealth advised the court that "defense counsel had set a review date because no written order had been entered on the motion to withdraw the guilty plea. The Commonwealth recognized that a verbal ruling was entered, but defense counsel was seeking a written order . . . to follow the hearing. . . . No written order overruling the motion would ever be entered following the hearing." Mitchell's Brief at 11-12 (citations omitted). However, a review of the record reveals that a written order denying the motion to withdraw Mitchell's guilty plea and incorporating the court's oral findings was entered on June 19, 2023.

intelligent choice among the alternative courses of action open to the defendant." *Sparks v. Commonwealth*, 721 S.W.2d 726, 727 (Ky. App. 1986). And, it has been "recognized that 'the trial court is in the best position to determine if there was any reluctance, misunderstanding, involuntariness, or incompetence' . . . and [is] in a 'superior position to judge [witnesses'] credibility and the weight to be given their testimony.'" *Bronk*, 58 S.W.3d at 487 (citations omitted). Therefore, this Court will review a circuit court's ruling on a motion to withdraw a guilty plea only for an abuse of discretion. *Id.*

In the case *sub judice*, we do not believe the circuit court abused its discretion when it found that Mitchell entered his plea voluntarily and intelligently. Mitchell's argument is based on his claims of incompetence due to his diagnosis of Adjustment Disorder. This had been directly addressed and countered by Dr. Green at the competency hearing, as were Mitchell's claims that he did not understand the court process. After hearing the evidence on June 2, 2023, the circuit court had found Mitchell to be competent, and the court's ruling did not change following the June 16, 2023 hearing on Mitchell's motion to set aside his guilty plea.

A review of the record also reveals that prior to entry of the guilty plea, the circuit court conducted a plea colloquy to determine whether Mitchell was knowingly, intelligently, and voluntarily entering the guilty plea. The circuit court read the statutory definitions of sexual abuse in the first degree and strangulation in

the first degree. The circuit court advised Mitchell about the two charges he was pleading guilty to and Mitchell specifically acknowledged that he was pleading guilty to the charges of his own free will. Mitchell acknowledged that the charges had been explained to him and that he understood the proceedings. It is also apparent from a review of the record that before the first-degree rape charge was amended to first-degree sexual abuse, Mitchell could have faced a total exposure of thirty years' imprisonment rather than fifteen years' imprisonment pursuant to the plea agreement. Thus, Mitchell's decision to accept the plea agreement represents a voluntary and intelligent choice among the alternatives available to him.

Therefore, we are of the opinion that the circuit court properly determined that Mitchell's guilty plea was knowingly, intelligently, and voluntarily entered based upon the totality of the circumstances. We further conclude that the circuit court did not abuse its discretion in denying Mitchell's motion to withdraw his guilty plea and thus affirm the judgment and sentence of imprisonment entered in the Boyd Circuit Court.

We view any remaining contentions of error as moot or without merit.

For the foregoing reasons, the judgment and sentence of imprisonment entered in the Boyd Circuit Court is affirmed.

ALL CONCUR.


BRIEF FOR APPELLANT:                BRIEF FOR APPELLEE:

Jennifer Wade                       Russell Coleman
Frankfort, Kentucky                 Attorney General of Kentucky

                                    Joseph A. Beckett
                                    Assistant Attorney General
                                    Frankfort, Kentucky