RENDERED:  MARCH 14, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1118-MR

ALISON M. HAINES                                                           APPELLANT

APPEAL FROM FLEMING CIRCUIT COURT
v.          HONORABLE JEFFREY L. SCHUMACHER, JUDGE
ACTION NO. 20-CR-00044

COMMONWEALTH OF KENTUCKY                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND COMBS, JUDGES.

THOMPSON, CHIEF JUDGE:  Alison Haines, *pro se*, appeals from an order of the Fleming Circuit Court which denied her motion to amend or vacate her guilty plea and conviction due to ineffective assistance of counsel.  Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

On June 17, 2020, Appellant shot her ex-boyfriend, Brent Tester, who later died from his wounds. On August 21, 2020, Appellant was indicted by a grand jury on charges of murder,[1] tampering with physical evidence,[2] and three counts of first-degree wanton endangerment.[3] On March 29, 2022, the Commonwealth offered Appellant a plea agreement, which she accepted. Appellant then pleaded guilty to an amended charge of first-degree manslaughter.[4] The tampering with physical evidence charge and wanton endangerment charges were dismissed. The Commonwealth recommended a term of imprisonment of fifteen years. On May 26, 2022, Appellant was sentenced according to the plea agreement.

On August 18, 2023, Appellant filed a motion to alter or amend her sentence and argued that her trial counsel was ineffective for not pursuing a voluntary intoxication defense. Appellant claimed her intoxication on the night of the shooting was a defense to the murder charge and she could have gotten a lesser sentence had she gone to trial. The trial court denied the motion without a hearing

---

[1] Kentucky Revised Statutes (KRS) 507.020.

[2] KRS 524.100.

[3] KRS 508.060.

[4] KRS 507.030.

and held that Appellant's guilty plea was entered voluntarily.  This appeal

followed.

## ANALYSIS

On appeal, Appellant argues that her trial counsel was ineffective for

not pursuing a voluntary intoxication defense and for not requesting funds for an

expert in the field of intoxication.  She argues that had counsel pursued the

voluntary intoxication defense, she would have gone to trial.

Our standard of review for examining a guilty plea for ineffective

assistance of counsel is as follows:

> A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components:  (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

> Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." While "[s]olemn declarations in open court carry a strong presumption of verity," "the validity of a guilty plea is

not determined by reference to some magic incantation recited at the time it is taken[.]" The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won" and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial," the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).

Appellant is correct that voluntary intoxication can be used at trial. It can reduce an intentional crime, like murder, to a lesser included offense and can be used as mitigating evidence in the penalty phase of a trial. *Mills v. Commonwealth*, 170 S.W.3d 310, 329 (Ky. 2005), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009); *Fields v. Commonwealth*, 12 S.W.3d 275, 282 (Ky. 2000). The question we must ask is, does this possible defense justify the reversal of Appellant's sentence?

After reviewing the arguments of the parties and the record, we conclude Appellant's counsel was not ineffective. First, we note that Appellant's counsel requested, and was approved for, funds for Appellant to undergo a mental

-4-

health evaluation.[5]  While this is not the same as requesting funds for an intoxication expert, it is still relevant to the issue of effectiveness.  Furthermore, Appellant admits that the primary reason she pleaded guilty was to avoid the death penalty.  Murder is a capital offense, KRS 507.020(2), and eligible for the death penalty, KRS 532.030(1).  On the other hand, first-degree manslaughter is a Class B felony and not eligible for the death penalty.  KRS 507.030(2).  In addition, Appellant underwent a thorough plea colloquy where she stated that she was satisfied with her attorney's performance and was voluntarily pleading guilty.  Finally, Appellant admits that she shot and killed the victim.

## CONCLUSION

It is clear from reviewing the record that Appellant's counsel worked diligently on Appellant's behalf.  Voluntary intoxication could have been a viable defense had Appellant gone to trial; however, she chose to enter a guilty plea to avoid the possibility of the death penalty.  Appellant's acceptance of the plea offer was reasonable under the circumstances and her plea was entered voluntarily.  Appellant received effective assistance of counsel and we affirm her conviction.

ALL CONCUR.

---

[5] While the evaluation report is not in the record before us, an invoice from the doctor performing the evaluation and an order directing payment to the doctor are in the record.  This confirms that the evaluation did occur.

BRIEF FOR APPELLANT:

Alison M. Haines, *pro se*
Pewee Valley, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Todd D. Ferguson
Assistant Attorney General
Frankfort, Kentucky