SMALLWOOD, JUDGE:
Patrick Fegan appeals from the denial of his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion alleging ineffective assistance of trial counsel. Fegan raises four allegations of ineffective assistance of counsel on appeal. Finding no error, we affirm.
On July 8, 2011, Deputy Jason White observed a vehicle driven by Fegan cross the yellow lines on the road three times. Deputy White attempted to initiate a traffic stop, but Fegan did not stop. Fegan's vehicle, while traveling at a high rate of speed, hit a ditch on the side of the road and flipped. After the car came to a stop, Fegan jumped out and ran to the side of the road where he was apprehended by Deputy White. Erica Manly was a passenger in the car and was severely injured. Manly was removed from the car and taken to the hospital; however, Fegan remained at the scene and was asked to allow the police to search the vehicle. Fegan alleges that he allowed officers to search the passenger compartment, but not the trunk. Fegan claims he told officers that the vehicle was not his and that they would need the owner's permission to search the trunk. The Commonwealth claims that Fegan allowed the police unrestricted access to search the entire car. The police searched the trunk and found numerous items related to the manufacturing of methamphetamine.
Fegan and Manly were arrested and charged with several crimes related to the police pursuit and manufacturing of methamphetamine. On October 23, 2012, Fegan entered a guilty plea to charges of manufacturing methamphetamine, fleeing or evading police, and being a persistent felony offender in the second degree. He was sentenced to twenty years' imprisonment.
On August 1, 2013, Fegan filed the underlying RCr 11.42 motion to vacate his sentence due to ineffective assistance of counsel. An evidentiary hearing was held on January 6, 2017, where both he and his trial counsel testified. On August 10, 2017, the court entered an order denying Fegan's motion. This appeal followed.
Fegan claims on appeal that had his counsel been effective, he would not have pled guilty. He raises four issues alleging ineffective assistance of counsel.
A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.
Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of "the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made." While "[s]olemn declarations in open court carry a strong presumption of verity," "the validity of a guilty plea is not determined by reference *238 to some magic incantation recited at the time it is taken [.]" The trial court's inquiry into allegations of ineffective assistance of counsel requires the court to determine whether counsel's performance was below professional standards and "caused the defendant to lose what he otherwise would probably have won" and "whether counsel was so thoroughly ineffective that defeat was snatched from the hands of probable victory." Because "[a] multitude of events occur in the course of a criminal proceeding which might influence a defendant to plead guilty or stand trial," the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea.
Bronk v. Commonwealth , 58 S.W.3d 482, 486-87 (Ky. 2001) (citations omitted).
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way.
Strickland v. Washington , 466 U.S. 668, 689-90, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citations omitted).
Fegan's first argument on appeal is that his counsel was ineffective for not filing a motion to suppress the evidence found in the trunk of the car. Fegan claims that because he did not give permission for the police to search the trunk, the evidence should have been suppressed. In its order denying Fegan's RCr 11.42 motion, the trial court found that Fegan had no standing to suppress the contents of the trunk because he claimed he was not the owner of the car. We agree.
To have standing to suppress evidence found during a search which violates a person's Fourth Amendment rights, that person must possess a legitimate expectation of privacy in the area searched or property seized. Rakas v. Illinois , 439 U.S. 128, 148-49, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978). To determine if a person has an expectation of privacy, we must look at "[w]hether the individual has exhibited a subjective expectation; and whether such subjective expectation, viewed objectively, is justifiable under the circumstances." Garcia v. Commonwealth , 185 S.W.3d 658, 666 (Ky. App. 2006) (citation omitted).
Here, assuming Fegan did in fact tell the police officers that he was not the owner of the car and that only the owner could consent to a search of the trunk, then he had no subjective expectation of privacy in the trunk and had no standing to challenge the search at trial. His counsel was not ineffective for failing to file a motion to suppress because it would have been denied.
*239 Fegan's second argument is that counsel was ineffective for not reviewing Manly's written statement before he pled guilty. Manly's written statement implicated Fegan in the manufacturing of methamphetamine. Manly's written statement was not provided to Fegan's counsel prior to his guilty plea. Fegan claims his counsel was ineffective for allowing him to plead guilty without first receiving and reviewing the written statement. We find counsel was not ineffective in this instance.
Fegan's trial counsel testified at the RCr 11.42 hearing. She stated that although she did not review the written statement, she did speak with Manly and her attorney. Counsel stated that she would never rely solely on a co-defendant's written statement because it was not the best way to judge credibility and demeanor. We find that this was an acceptable strategy and not a serious error. By speaking with Manly, counsel knew about Manly's cooperation with the Commonwealth and her expected testimony at trial.
Fegan's third argument on appeal is that his counsel was ineffective for failing to investigate the attempted traffic stop or review a Kentucky State Police report regarding the accident. Again, we find no error. The grand jury did not indict Fegan for any traffic offenses; therefore, trial counsel testified that she was not worried about those aspects of the case, only the manufacturing of methamphetamine charge. Fegan does not indicate what relevant evidence could have been discovered had his counsel investigated this issue further.
Fegan's fourth and final argument on appeal is that counsel was ineffective for not investigating Deputy Terry Blanton, the police officer who actually searched the trunk of the car. As Fegan's case was progressing, Deputy Blanton was under investigation and facing criminal charges for taking controlled substances from a police evidence locker. Fegan argues his counsel should have investigated Deputy Blanton because of this criminal activity.
This argument is speculative and without merit. Fegan does not indicate what an investigation into Deputy Blanton might have uncovered. "In seeking post-conviction relief, the movant must aver facts with sufficient specificity to generate a basis for relief." Lucas v. Commonwealth , 465 S.W.2d 267, 268 (Ky. 1971).
"[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Strickland , 466 U.S. at 691, 104 S.Ct. 2052. Although Fegan may have preferred a more thorough investigation, we find that counsel was reasonable in her investigations in this case. "A reasonable investigation is not an investigation that the best criminal defense lawyer in the world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct. The investigation must be reasonable under all the circumstances." Haight v. Commonwealth , 41 S.W.3d 436, 446 (Ky. 2001), overruled on other grounds by Leonard v. Commonwealth , 279 S.W.3d 151 (Ky. 2009) (citations omitted).
Based on the foregoing, we affirm the judgment of the trial court.
ALL CONCUR.