RENDERED: SEPTEMBER 2, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1471-MR

MICHAEL HOBSON                                                    APPELLANT

v.

APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
ACTION NO. 17-CR-00333

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: COMBS, DIXON, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Michael Hobson brings this *pro se* appeal from a September 21, 2020, opinion and order of the Hardin Circuit Court denying his Kentucky Rules of Criminal Procedure (RCr) 11.42 motion without an evidentiary hearing. We affirm.

## BACKGROUND

On April 27, 2017, Hobson was indicted by a Hardin County Grand Jury on seven charges related to drug trafficking and possession. He was also charged with being a persistent felony offender (PFO) in the first degree. On September 12, 2017, Hobson entered into a plea agreement with the Commonwealth. Hobson agreed to plead guilty to trafficking in a controlled substance (cocaine), more than four grams; two counts of trafficking in a controlled substance (cocaine), less than four grams; use and investment of drug-related income; possession of drug paraphernalia; possession of a synthetic drug (spice); and possession of marijuana. In exchange for pleading guilty, the Commonwealth agreed to dismiss the PFO charge. In accepting the Commonwealth's offer, Hobson admitted to the following facts:

> On or about April 26, 2017, in Hardin County, Kentucky, [Hobson] possessed a quantity of cocaine over four grams with the intent to sell, a quantity of marijuana and a quantity of spice. [Hobson] also possessed approximately $7,257.00 of drug[-]related income and digital scales. [Hobson] had on his cellphone a video of a conversation between himself and a female wherein [Hobson] had "fronted" cocaine to her and was demanding payment. This conversation took place on or about January of 2017 in Hardin County, Kentucky. Further, on or about June 29, 2016, in Hardin County, Kentucky, [Hobson] sold an informant approximately 1.7 grams of cocaine. [Hobson] is a convicted felon and has been convicted of a prior [Kentucky Revised Statutes] 218A trafficking offense.

Trial Record, volume 1, page 59.

The Commonwealth recommended a combined total of ten-years' imprisonment on all counts to be served concurrently. By final judgment entered September 14, 2017, Hobson was formally sentenced to ten-years' imprisonment.[1]

On April 20, 2020, Hobson filed a *pro se* "Motion to Vacate Final Judgement and Sentence Pursuant to RCr 11.42." The motion, including exhibits, was over 200 pages in length and alleged multiple instances of ineffective assistance of counsel pertaining to Hobson's entry of a guilty plea. The Commonwealth filed a written response and the trial court denied the motion without an evidentiary hearing. This appeal followed. Further facts will be developed as necessary.

## ISSUE

The central issue on appeal to this Court is Hobson's contention that his guilty plea was not knowing and voluntary because his attorney did not advise him regarding the possibility of filing a motion to suppress evidence stemming from a search warrant that was executed at his home on April 26, 2017.

---

[1] Michael Hobson waived a presentence investigation pursuant to Kentucky Rules of Criminal Procedure 11.02.

## STANDARD OF REVIEW

Ineffective assistance of counsel claims are reviewed under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), recognized by the Kentucky Supreme Court as controlling precedent in *Gall v. Commonwealth*, 702 S.W.2d 37 (Ky. 1985). To prevail upon an RCr 11.42 motion, a movant must demonstrate: (1) trial counsel's performance was deficient, and (2) the deficiency was prejudicial and deprived defendant of a fair trial. *Strickland*, 466 U.S. at 687. In this case, appellant bears a heavy burden of identifying the specific acts or omissions that constitute counsel's deficient performance. *Id.*; *Commonwealth v. Pelfrey*, 998 S.W.2d 460, 463 (Ky. 1999). And, we review a trial court's denial of an RCr 11.42 motion for abuse of discretion. *Bowling v. Commonwealth*, 981 S.W.2d 545, 548 (Ky. 1998).

Additionally, when reviewing an RCr 11.42 motion, the circuit court must conduct an evidentiary hearing only when there is "a material issue of fact that cannot be determined on the face of the record[.]" RCr 11.42(5). An evidentiary hearing is not required in cases where the record refutes the claim of error, or "where the allegations, even if true, would not be sufficient to invalidate the conviction." *Harper v. Commonwealth*, 978 S.W.2d 311, 314 (Ky. 1988) (citing *Brewster v. Commonwealth*, 723 S.W.2d 863 (Ky. 1986)). Based on our review of the record on appeal, there are no material issues of fact that cannot be

-4-

determined on the face of the record and Hobson otherwise has failed to meet his burden to establish that counsel was ineffective below.

ANALYSIS

When a guilty plea has been entered and the movant collaterally attacks the judgment *via* a motion pursuant to RCr 11.42, it must be established:

> (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial.

*Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001). Further, "the trial court must evaluate whether errors by trial counsel significantly influenced the defendant's decision to plead guilty in a manner which gives the trial court reason to doubt the voluntariness and validity of the plea." *Id.* at 487.

Therefore, our analysis necessarily begins with the voluntariness of Hobson's plea. The voluntariness of the plea is determined from the "totality of the circumstances." *Rodriguez v. Commonwealth*, 87 S.W.3d 8, 10 (Ky. 2002). "Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of the accused's demeanor, background and experience, and whether the record reveals that the plea was

voluntarily made." *Fegan v. Commonwealth*, 566 S.W.3d 234, 237 (Ky. App. 2018) (internal quotation marks and citation omitted).

The trial court conducted a plea colloquy pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969). Hobson was alert, engaged, and well-spoken during the plea colloquy. He admitted he had committed the crimes as stated in the Commonwealth's offer and that he understood he was waiving certain rights as explained by the trial court. Hobson was asked numerous times about defense counsel's performance and possible defenses to the charges. To wit,

> TRIAL COURT: And did you discuss with your attorney what options you might have to defend yourself against these charges?
>
> HOBSON: Yes, I have.
>
> TRIAL COURT: And are you satisfied that you fully understand your legal situation and the effect of a felony guilty plea for you?
>
> HOBSON: Yes.

Hobson further stated that he was not in any way influenced or forced to plead guilty and acknowledged pleading guilty was in his best interest. The following exchange also occurred:

> TRIAL COURT: Now if you chose to go to trial, your attorney would have a responsibility to investigate your case fully and to prepare it for trial. Your attorney reviews the Commonwealth's evidence, gathers evidence for you including experts if needed, and researches defenses. Your attorney considers what evidence a jury

-6-

would likely see and hear and then advises you on the likely results of the trial. If you enter the guilty plea instead of going to trial, you're telling me that you're satisfied with your attorney's work on this case; that your attorney has not failed to do **anything** that would make **any** difference to you in your decision to plead guilty, that you have no unspoken claims of innocence, and that this is your final decision to plead guilty. You cannot later change your mind and withdraw this guilty plea. Now, with all of this in mind, are you satisfied with the services of your attorney?

HOBSON: Yes, I am.

Other portions of the record also refute Hobson's arguments to this Court. On June 6, 2017, approximately three months prior to the entry of Hobson's guilty plea, a pretrial conference was held in conjunction with Hobson's motion to reduce bond. When the trial court asked if the matter needed to be set for trial, defense counsel stated, "Your honor, there will be an evidentiary issue that comes up prior to that that we'd like a separate hearing for and this goes to the warrant that was executed on the date of his arrest." Hobson was standing next to defense counsel at the time, and also pointed out this statement in his original RCr 11.42 motion filed with the trial court. Although a suppression motion was not filed prior to the date Hobson entered his guilty plea, this statement clearly goes against Hobson's assertions that trial counsel never advised him of or considered the possibility of challenging the search warrant.

In considering the totality of circumstances surrounding Hobson's plea, we now turn to his background and experience at the time the guilty plea was entered. The record before us shows that Hobson was on parole for *at least* one other drug trafficking offense at the time he committed the crimes contained in the indictment. The record before us also shows that Hobson has an extensive criminal history in numerous states, including Kentucky, dating back to at least 1996. He is not a newcomer to our justice system and is, indeed, quite familiar with it. Accordingly, we agree with the trial court that Hobson's guilty plea was knowingly, voluntarily, and intelligently made.

Hobson claims that he would not have entered the guilty plea had trial counsel advised him of what he argues are deficiencies in the search warrant. We find this argument to be disingenuous. Hobson admitted guilt to one count of drug trafficking that arose from an incident outside of the search warrant. This was a Class C felony with a penalty range of five- to ten-years' incarceration. However, the penalty range on that charge alone would have become ten- to twenty-years' incarceration if a jury found Hobson guilty of being a PFO. Hobson agreed to a sentence of ten-years' incarceration on all counts, which was the minimum he would have served with the PFO enhancement on a single charge.

In conclusion, the record before us shows that Hobson's guilty plea was entered knowingly, voluntarily, and intelligently. We find no errors by

counsel in this regard.  After careful review of the record below, we cannot say that trial counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance.  *Bronk*, 58 S.W.3d at 486-87. Likewise, pursuant to RCr 11.42(5), Hobson was not entitled to an evidentiary hearing.  *Stanford v. Commonwealth*, 854 S.W.2d 742, 743 (Ky. 1993).

For the foregoing reasons, the opinion and order of the Hardin Circuit Court denying Hobson's RCr 11.42 motion is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Michael Hobson, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Perry T. Ryan
Assistant Attorney General
Frankfort, Kentucky