# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, RAP 40(D),  THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE  ACTION.

RENDERED:  FEBRUARY 20, 2025
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0526-MR

LADANIEL JUNIUS BROWN                       APPELLANT

V.             ON APPEAL FROM WARREN CIRCUIT COURT
HONORABLE STEVE ALAN WILSON, JUDGE
NO. 18-CR-01057

COMMONWEALTH OF KENTUCKY            APPELLEE

## MEMORANDUM OPINION OF THE COURT

## AFFIRMING

Ladaniel Junius Brown appeals as a matter of right[1] from a Warren Circuit Court judgment sentencing him to 30 years' imprisonment for three counts of first-degree sodomy of a minor under the age of 12.  On appeal, Brown argues the circuit court erred in denying his motion to withdraw his guilty plea.  Finding no error, we affirm the judgment of the Warren Circuit Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Brown pleaded guilty to three counts of first-degree sodomy after reaching a deal with the Commonwealth for dismissal of four other counts of first-degree sexual abuse contained in the indictment against him.  At his

---

[1] KY. CONST. § 110(2)(b).

guilty plea, Brown repeated the usual colloquy, affirming that he had discussed the case fully with his appointed counsel, was satisfied with her performance, understood the various rights he was waiving, and was indeed guilty of the sodomy charges. The Commonwealth described the evidence against Brown as consisting of statements made by the minor victims whom Brown was babysitting as well as Brown's admission to law enforcement that he had performed oral sex on the victims.

Prior to sentencing, Brown wrote a letter to the trial court alleging that he had not previously had the opportunity to review discovery in his case and now having done so, disputed some of the acts to which he previously admitted guilt. Specifically, he contended that the victims never specifically alleged he performed oral sex on them and while Brown admitted to "humping" one of the victims, he denied any other sex acts.

The circuit court treated this letter as a *pro se* motion to withdraw the guilty plea and appointed conflict counsel. At a hearing, testimony was heard from Brown's counsel from the time of the plea ("defense counsel") and an investigator with the Department of Public Advocacy who reviewed Brown's discovery and spoke with him at the jail. Defense counsel admitted to not personally reviewing the recorded interviews with the victims in their entirety and stated that Brown was ultimately unwilling to review the interviews alongside her or with the investigator, instead watching only the recordings of the mother and one of the victims. Defense counsel further admitted that although Brown had requested the discovery from her, she neglected to provide

2

it until after entry of the guilty plea. However, she testified that she discussed this oversight with Brown prior to the plea and he was still willing to proceed. Ultimately, defense counsel relied upon the discovery she had reviewed, Brown's confession, and inculpatory statements he had made to counsel and in letters to the trial court in determining Brown's best course of action was to the take the plea offer.

The trial court determined the plea was "knowingly, freely, voluntarily and intelligently" made and denied the motion. Brown was sentenced to 30 years' imprisonment on each charge, to be run concurrently. Brown now appeals as a matter of right.

## ANALYSIS

Brown challenges the voluntariness of his plea on two related, but distinct bases: (1) because he lacked full access to the discovery in his case, he was unable to intelligently appraise the case against him, and (2) his attorney provided ineffective assistance by failing to view his discovery in its entirety or investigating Brown's confession and therefore could not effectively advise Brown regarding the plea offer. While the circumstances of Brown's plea give us some pause, we hold the plea was nevertheless voluntarily made and the circuit court did not err in denying its withdrawal.

Whether the circuit court erred in finding Brown's guilty plea was voluntary is subject to review for clear error. *Thomas v. Commonwealth*, 605 S.W.3d 545, 554 (Ky. 2020), *abrogated on other grounds by Abbott, Inc. v. Guirguis*, 626 S.W.3d 475 (Ky. 2021).

3

> [T]he trial court's ruling on that issue stands if supported by substantial evidence. If there is no clear error in finding the pleas voluntary, we must then determine if the trial court abused its discretion by not allowing [a defendant] to withdraw his guilty pleas. A trial court abuses its discretion when it makes a decision that is "arbitrary, unreasonable, unfair, or unsupported by sound legal principles."

*Id.*

> In determining whether a guilty plea is involuntary, we ask,
>
> if the defendant lacked full awareness of the direct consequences of the plea or relied on a misrepresentation by the Commonwealth or the trial court. . . . A guilty plea is intelligent if a defendant is advised by competent counsel regarding the consequences of entering a guilty plea, including the constitutional rights that are waived thereby, is informed of the nature of the charge against him, and is competent at the time the plea is entered.

*Id.* at 554-55 (quoting *Edmonds v. Commonwealth*, 189 S.W.3d 558, 566 (Ky. 2006). Finally, although guilty pleas are presumed voluntary if arising from a properly conducted *Boykin*[2] colloquy, the colloquy alone does not suffice to render a guilty plea voluntary. *Id.* at 555. Rather, courts must consider the totality of the circumstances surrounding the plea. *Id.*

We first address Brown's argument that he was unable to make an intelligent decision to plead guilty because discovery in his case was not turned over to him personally until after he had already pled. As a broad matter, "There is no general constitutional right to discovery in a criminal case." *Porter v. Commonwealth*, 394 S.W.3d 382, 387 (Ky. 2011) (citing *Weatherford v. Bursey*, 429 U.S. 545 (1977)). Of course, that Brown is not constitutionally

---

[2] *Boykin v. Alabama*, 395 U.S. 238 (1969).

entitled to his discovery does not mean he cannot be harmed by its withholding. However, his discovery was not withheld; rather, the Commonwealth provided it to Brown's attorney who was able to review it at her convenience. Whether her review was sufficient to allow her to competently advise Brown is another matter, but as a factual concern, Brown did have access to his discovery via his attorney.

This point is underscored by the fact that Brown's attorney did attempt to review the videos with Brown, only for Brown to ask her to stop. Brown's disinterest in reviewing the videos he now claims justify withdrawal of his pleas manifested on apparently two occasions, once with the DPA investigator and once with the investigator and defense counsel. That Brown now argues that he was unable to review the evidence against him does not comport with the record. Brown was provided personal access to his discovery prior to his guilty plea, albeit only in the presence of his defense team, and he elected not to take advantage of those opportunities. Given that Brown made the choice not to review the videos in full when he was able, we can find no merit to his contention that ignorance of the evidence against him now justifies withdrawal of his plea. One voluntary choice led to another.

We next address Brown's argument that defense counsel's failure to competently represent him prevented him from intelligently entering a guilty plea.

> [W]henever a defendant disputes the voluntariness of a guilty plea based on claims of ineffective assistance of counsel, trial courts must apply the following standard:

In cases where the defendant disputes his or her voluntariness, a proper exercise of this discretion requires trial courts to consider the totality of the circumstances surrounding the guilty plea and juxtapose the presumption of voluntariness inherent in a proper plea colloquy with a *Strickland v. Washington*[3] inquiry into the performance of counsel: A showing that counsel's assistance was ineffective in enabling a defendant to intelligently weigh his legal alternatives in deciding to plead guilty has two components: (1) that counsel made errors so serious that counsel's performance fell outside the wide range of professionally competent assistance; and (2) that the deficient performance so seriously affected the outcome of the plea process that, but for the errors of counsel, there is a reasonable probability that the defendant would not have pleaded guilty, but would have insisted on going to trial. Evaluating the totality of the circumstances surrounding the guilty plea is an inherently factual inquiry which requires consideration of the accused's demeanor, background and experience, and whether the record reveals that the plea was voluntarily made.

*Thomas*, 605 S.W.3d at 556 (quoting *Bronk v. Commonwealth*, 58 S.W.3d 482, 486-87 (Ky. 2001)). The deficiencies of counsel pointed to by Brown are defense counsel's failure to view the video evidence in its entirety and a failure to investigate whether Brown was coerced into making a confession. Neither alleged deficiency falls below the "wide range of professionally competent assistance" and so Brown's argument fails.

Under *Strickland*, defense counsel must perform a "reasonable investigation" of the charges against her client, but that "reasonable investigation is not an investigation that the best criminal defense lawyer in the

---

[3] 466 U.S. 668 (1984).

world, blessed not only with unlimited time and resources, but also with the benefit of hindsight, would conduct." *Haight v. Commonwealth*, 41 S.W.3d 436, 446 (Ky. 2001) (citation omitted), *overruled on other grounds by Leonard v. Commonwealth*, 279 S.W.3d 151 (Ky. 2009). Allegations of insufficient investigation, "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

We share Brown's concerns about his defense counsel's failure to view the entire video evidence against him. Certainly, best practice suggests that an attorney tasked with defending the liberty of her client should review every granule of evidence against him. However, the reality of practice for a public defender mandates the allocation of investigatory resources to the areas where the attorney feels those limited resources would be most valuable.

Here, the broader context of Brown's charge led to the reasonable decision by defense counsel to limit her review of the videos. While Brown focuses his appeal on the potentially exculpatory content of the video interviews of his victims, the Court does not lose sight of the fact that Brown *confessed* to the charges and provided details of what occurred. True, Brown now contends he was coerced into giving his confession, but his defense attorney was also aware of the circumstances of his confession and made the reasonable strategic choice to forgo challenging its procurement.[4] And, in

---

[4] Neither Brown's briefs nor the evidence in the record contains a compelling suggestion that Brown's confession was illegally obtained. Brown's argument

addition to his confession, Brown made statements to defense counsel and wrote letters[5] that defense counsel feared could lead to Brown receiving a life sentence if admitted into evidence. Considering the inculpatory evidence against Brown, provided by Brown himself, defense counsel's choice to perform a limited review of the victim interviews was well within the *Strickland* standard for competent counsel. She reasonably assessed that the Commonwealth's evidence would only reinforce the culpability of her client and decided to forgo the potentially redundant effort of viewing every interview. Given that defense counsel's performance did not fall outside the wide range of professionally competent assistance, we need not address if her performance seriously affected the outcome of the plea process.

In sum, then, Brown's plea was knowingly, freely, voluntarily, and intelligently made. The trial court did not err in so holding. As to whether the trial court abused its discretion in denying the withdrawal of Brown's voluntary plea, we similarly hold the trial court did not. The reasons set forth by Brown for how the trial court erred in this respect are identical to those addressed above,[6] and we reject his argument for the same reasons. Furthermore, we observe that the trial court made considerable efforts to ascertain the

---

essentially comes down to his discomfort at law enforcement calling him a liar and wearing their service firearms while interviewing him.

[5] Defense counsel was unsure if the letters were sent to the trial court or to the prosecuting attorney. Given their absence from the record, we assume the latter to be the case, but in any event we are unclear as to content of the letters.

[6] Brown's appeal is wholly addressed to abuse of discretion. However, because the content of the appeal challenges the voluntariness of Brown's plea, we conducted the clear error analysis set forth in *Thomas*.

8

circumstances of Brown's plea after he challenged its validity. The trial court appointed conflict counsel for Brown and held a hearing on Brown's motion to withdraw his plea that included testimony from his defense counsel and the investigator that went in depth into the context of the plea and counsel's knowledge of the charges. The trial court performed its duty competently and made a well-reasoned judgment in light of the testimony. Accordingly, the trial court did not abuse its discretion by denying Brown's motion to withdraw his guilty pleas.

## CONCLUSION

Based upon the foregoing, the judgment of the Warren Circuit Court is affirmed.

Lambert, C.J.; Bisig, Conley, Goodwine, Keller, and Nickell, JJ., sitting. All concur. Thompson, J., not sitting.

COUNSEL FOR APPELLANT:

Roy Alyette Durham, II
Assistant Public Advocate


COUNSEL FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Melissa Pile
Assistant Attorney General

9